UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                               Case No. 15-74375-las

         GEETA SHUKLA

                                                          **AFFIRMATION IN OPPOSITION**

              Debtor.
-------------------------------------------------------X

        John Lehr, the undersigned, an attorney duly admitted to practice before this Court, affirms the following to be true under penalty of perjury:

        1.     I am an associate of the firm Spence Law Office, P.C., attorneys for Vidyasagar Lingechetty (the "Lingechetty"), and am familiar with the facts and circumstances of this case.

        2.     I make this affirmation in opposition to the Debtor's Motion to extend the automatic stay beyond the thirty day period pursuant to pursuant to 11 U.S.C. §362(c)(3)(B) (the "Motion").

        3.     Lingechetty holds a judgment lien against the Debtor in the amount of at least $520,000.00 (the "Judgment Lien").

        4.     The Debtor's prior petition under case no. 14-74304 was dismissed on February 23, 2015, within one year of the filing of the instant case (the "Prior Case"). To extend beyond the initial thirty day period under such circumstance, the Debtor must demonstrate that the instant filing is in good faith. A case is presumptively filed not in good faith as to all creditors if there has not been a substantial change in financial or personal affairs of the debtor since the dismissal of the previous case or if there is any other reason to conclude that the later case will be concluded with a confirmed plan that will be fully

performed. 11 U.S.C. §362(c)(3)(C)(III).

5. The Debtor has failed to demonstrate in the Motion that there has been a substantial change in circumstance. The only difference being that counsel carefully crafted the schedules so that a homestead exemption was taken in the amount of $2.00 instead of $150,000.00 (See schedule C attached as Exhibit A). Which appears to be necessary, along with a departure from the holding in In re Martin, 13-70064-AST, 2013 WL 3956384 (Bankr. E.D.N.Y. July 25, 2013) and success in loss mitigation, in order for the Debtor's plan to be confirmable.

6. Just as in the last case, the Debtor is above the debt limitations imposed by 11 U.S.C. §109(e). To be a debtor under Chapter 13, the Debtor must have less than $383,175.00 in unsecured debt and $1,149,525.00 in secured debt. The schedules, which contradict the Debtor's Chapter 13 Plan, show that the Debtor is below the debt limitations with $314,701.26 in unsecured debt and $980,000.00 in secured debt.

7. Should the Debtor be able avoid the Judgment Lien as proposed in her Plan, then then the Debtor will have over $520,000.00 in unsecured debt. This same issue was considered by the Court in the Prior Case, wherein the Debtor filed a motion to avoid the Judgment Lien pursuant to 11 U.S.C. §522(f) and Lingechetty filed opposition and a motion to dismiss based upon the Debtor being above the statutory limits set forth in 11 U.S.C. §109(e). The end result of the case was that the Debtor agreed that she was above the statutory limits set forth in 11 U.S.C. §109(e) and the Prior Case was dismissed. A copy of the Dismissal Order is annexed hereto as Exhibit B.

8. The current schedules, as filed, are in contradiction of the Plan. The Debtor is trying to game the system. She wants to treat the Judgment Lien as partially secured for

purposes of qualifying as a Debtor under Chapter 13, but then treat the Judgment Lien as wholly unsecured for purposes of Chapter 13 Plan confirmation. It is apparent from the Plan that the Debtor intends to amend Schedule C to claim an exemption and then file a motion pursuant to 11 U.S.C. §522(f) to avoid the Judgment Lien. In determining whether the Debtor is eligible for Chapter 13 relief, the bankruptcy court should consider the statements made in debtor's proposed plan. See In re Soderlund, 236 B.R. 271 (Bankr. App. 9th Cir. 1999).

9.      The case on In re Scovis, 249 F.3d 975 (9th Cir. 2001) is directly on point. In Scovis, the Ninth Circuit held that "Even though the lien was not judicially avoided until after the Chapter 13 petition was filed, the fact that Debtors listed both the homestead exemption and the lien on the schedules provides the bankruptcy court with a sufficient degree of certainty to regard the judgment lien as unsecured for eligibility purposes. Thus the [lien] should be treated as wholly unsecured on the petition date." Id. at 984. In the instant matter, the Debtor has not claimed an exemption in her schedules, but has shown her intent to claim an exemption in her filed Plan. The distinction from Scovis is of no substance. If the Court allows a debtor to simply amend schedule c to change debts from secured to unsecured by the election of exemptions without effecting qualification under 11 U.S.C.§109(e), the purpose and effect of 11 U.S.C. §109(e) is significantly diminished.

10.     There are two differences between the Prior case and the instant case. First, the Debtor now values her home at $980,000.00 instead of $880,000.00 (a copy of the Schedules A filed in the instant case and Prior Case are annexed hereto as Exhibit C). The Debtor has presented no evidence of the reason for this increase. Second, the Debtor has eliminated approximately $82,000.00 in priority tax debt. The Debtor's case has not been

filed in good faith. Arguably, the payoff of approximately $82,000 in priority debt and increase in value of the Debtor's home of approximately $100,000.00 could be considered a substantial change. But there is no proof offered other than the Debtor's schedules that 1) the priority debt has actually been paid off, and 2) the home is now worth $980,000.00.

11. Finally, in addition to the debt limitation issue, there are numerous other reasons to conclude that the Debtor's case will not result in confirmation of a plan that will be fully performed. The Debtor, as in the Prior case, has elected to participate in loss mitigation. During the five months that the Prior Case was pending, loss mitigation did not result in a modification. Since the Prior Case was dismissed, seven months have passed. No modification has occurred. The Debtor has presented no evidence as to why loss mitigation in the instant case will be different than loss mitigation in the Prior Case. There are also significant means test issues.

12. The Means Test filed by the Debtor takes deductions of $8,783.33 for the Judgment Lien on line 47 and $5,307.29 on line 48 for mortgage arrears. Both of these entries, based upon the Plan (which provides for a modification of the first mortgage and no repayment of arrears) should not be deductible on the means test. As a result, the Plan should provide $5,661.40 per month to unsecured creditors. The Debtor has filed an amended part one of the means test to take a marital deduction in the amount of $4,435.00, which contains $1,000.00 per month for credit cards and $450 for life insurance. These marital adjustments appear speculative, and subject to the decision in In re Montalto, 537 B.R. 147 (Bankr. E.D.N.Y. 2015). Under the holding in Monalto, the Debtor has the burden of proof to show that the credit card charges made by the Debtor's husband were for non-household expenses. Further, the life insurance deduction is likely also a household expense

and should be accounted for within the means test to the extent that it is deductible as term life insurance.

13.     Accordingly, it appears, at a minimum, that there is reason to conclude that the Debtor will be able to confirm a plan, and the Motion should be denied.

WHEREFORE, based upon the foregoing, your affirmant respectfully requests that the Court deny the relief requested by the Debtor in all respects.

Dated: November 5, 2015
       Jericho, New York

                              SPENCE LAW OFFICE, P.C.
                              Attorneys for Vidyasagar
                              Lingechetty

                    By:     s/ John Lehr\_\_\_\_\_
                         John Lehr, Esq.
                         500 N. Broadway, Suite 149
                         Jericho, New York 11753
                         (516) 336-2060

# EXHIBIT A

**B6C (Official Form 6C) (04/13)**

**IN RE** Shukla, Geeta _____ Case No. _____
  Debtor(s)  (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)
☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| Residence 44 Sunset Road South Albertson, NY 11507 | 11 USC § 522(d)(1) | 2.00 | 980,000.00 |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| Cash on hand | 11 USC § 522(d)(5) | 20.00 | 20.00 |
| Checking account with Chase Bank (acct. ending 6013) | 11 USC § 522(d)(5) | 1,000.00 | 1,000.00 |
| Furniture & Appliances | 11 USC § 522(d)(3) | 1,000.00 | 1,000.00 |
| Clothing | 11 USC § 522(d)(3) | 400.00 | 400.00 |
| Wedding ring, watch and miscellaneous gold jewelry | 11 USC § 522(d)(4) | 1,000.00 | 1,000.00 |
| $125,000 whole life policy with NY Life (policy ending 0798) | 11 USC § 522(d)(7) | 5,000.00 | 5,000.00 |
| $400,000.00 universal life policy with NY Life (policy ending 0139) | 11 USC § 522(d)(7) | 17,000.00 | 17,000.00 |
| 401(k) with NY Life | 11 USC § 522(d)(12) | 2,000.00 | 2,000.00 |
| IRA with NY Life (acct ending 7017) | 11 USC § 522(d)(12) | 42,000.00 | 42,000.00 |

*\* Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

        Case No. 14-74304-LAS

    GEETA SHUKLA,

        Chapter 13

          Debtor.
----------------------------------------------------------X

## ORDER DISMISSING CHAPTER 13 CASE

Upon Motion (the "Motion") dated November 21, 2014 by Vidyasagar Lingechetty (the "Movant") for an Order dismissing the above-captioned Chapter 13 case pursuant to 11 U.S.C. §§ 109(e) and 1307 on the ground that Geeta Shukla is not eligible to be a debtor under Chapter 13 of the Bankruptcy Code; Geeta Shukla having filed opposition to the Motion on December 8, 2014; and the Movant having filed a response on December 11, 2014; and a hearing having been held before the Court on February 12, 2015, at which Ehsanul Habib, Esq. appeared on behalf of Geeta Shukla, John Lehr, Esq. appeared on behalf of the Movant, and Marianne DeRosa, Esq., the Chapter 13 Trustee, appeared; and pursuant to a stipulation entered by and between Mr. Habib, Mr. Lehr, and Ms. DeRosa dated February 12, 2015 whereby the parties agreed, on consent, that 1) Geeta Shukla is not eligible for Chapter 13 relief pursuant to 11 U.S.C. § 109(e), and 2) the case be dismissed; it is hereby

ORDERED, that pursuant to 11 U.S.C. §§ 109(e) and 1307, this Chapter 13 case is dismissed.



**Dated: February 23, 2015**
**Central Islip, New York**

_____
**Louis A. Scarcella**
**United States Bankruptcy Judge**

# EXHIBIT C

**B6A (Official Form 6A) (12/07)**

IN RE Shukla, Geeta _____  Case No. _____
                              Debtor(s)                                                                                    (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residence**<br>**44 Sunset Road South**<br>**Albertson, NY  11507** | **Tenancy by the Entirety** | J | 980,000.00 | 1,287,000.00 |
| | | **TOTAL** | 980,000.00 | |

(Report also on Summary of Schedules)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

In re  **Geeta Shukla**,  Case No.  **8-14-74304**
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **44 Sunset Road South, Albertson NY 11507** | | **J** | **880,000.00** | **1,125,845.87** |
| **Joint ownership with non-filing spouse** | | | | |

| | | Sub-Total > | **880,000.00** | (Total of this page) |
|---|---|---|---|---|
| | | Total > | **880,000.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)