UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

        GEETA SHUKLA,

                           Debtor.
-----------------------------------------------------------X

Case No. 15-74375-LAS

Chapter 13

## DECISION AND ORDER DISMISSING
## THE DEBTOR'S CHAPTER 13 CASE

**I.    Introduction**

In this contested matter, the Court must decide whether Geeta Shukla ("Debtor") is eligible to be a chapter 13 debtor. To be eligible for relief under chapter 13, section 109(e)[1] of the Bankruptcy Code provides that an individual debtor must have "noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debt of less than $1,149,525." 11 U.S.C. § 109(e). Vidyasagar Lingechetty ("Lingechetty"), holder of a judgment lien in the amount of $527,000 against the Debtor's residence, contends that because the Debtor's proposed chapter 13 plan calls for avoiding his judgment lien under § 522(f), the judgment lien will be bifurcated and the unsecured portion will total $472,550. This, Lingechetty claims, renders the Debtor ineligible for chapter 13 relief as her unsecured debt will exceed the statutory limitation of $383,175. The Debtor disagrees, insisting that eligibility is determined by looking at her bankruptcy schedules, and not by what the chapter 13 plan proposes or what action she may take post-petition to avoid a judicial lien. Based on the information set forth in the schedules, the Debtor argues that as of the chapter 13 filing date her noncontingent, liquidated, unsecured debt, inclusive of the unsecured portion of Lingechetty's judgment lien, aggregates $311,701.26. This, the Debtor maintains, is well

---

[1] All subsequent statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise noted.

1

within the unsecured debt limit under § 109(e).

The matter has been fully briefed and the Court has considered carefully the parties' submissions, the relevant law, and the record in this case. The Court held a hearing on February 11, 2016. Upon completion of the hearing, and for the reasons set forth on the record of the hearing, the Court concluded that the portion of the judgment lien that would be avoided under § 522(f) in the amount of $472,550 must be added to the Debtor's total unsecured debt. As such, the Court ruled that the Debtor is ineligible for relief under chapter 13. This Decision and Order memorializes and explains further the bases for the Court's ruling.[2]

## II.   Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). A bankruptcy judge may hear and finally decide any core proceeding. 28 U.S.C. § 157(b)(1). A determination of a debtor's eligibility for relief under chapter 13 of the Bankruptcy Code "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011). Accordingly, the Court may enter a final decision and order adjudicating this matter.

---

[2] This Decision and Order constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, as made applicable to this contested matter by Bankruptcy Rule 9014(c). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

### III. Background[3]

#### A. Prior Chapter 13 Case

The current chapter 13 case is the Debtor's second filing. Her prior chapter 13 case was filed on September 18, 2014 and assigned case number 8-14-74304 ("First Chapter 13 Case"). On October 25, 2014, the Debtor filed Schedules and a Statement of Financial Affairs. According to Schedule A, the Debtor owns real property located at 44 Sunset Road South, Albertson, New York (the "Residence") valued at $880,000 and encumbered by secured claims aggregating $1,125,845.87. Schedule D reflected two secured claims -- Bank of America Home Loan is listed as the holder of a mortgage on the Residence in the amount of $720,000 and Lingechetty is listed as the holder of a judgment lien in the amount of $405,845.87 of which $245,845.87 is listed as unsecured. Schedule F reflected general unsecured debt of $4,770.75. Schedule C set forth the property claimed by the Debtor as exempt under 11 U.S.C. § 522(b)(3). In Schedule C, the Debtor selected exemptions under New York State law, claimed the Residence as exempt, and valued the exemption under N.Y. C.P.L.R. § 5206 at $80,000.

On September 26, 2014, the New York State Department of Taxation of Finance filed a proof of claim in the amount of $65,299.53, of which $63,092.62 was asserted as secured based upon tax warrants ("NYS Tax Warrants") docketed in Nassau County, i.e., the county in which the Residence is located. On October 23, 2014, Lingechetty filed a proof of claim in

---

[3] The facts are taken from the pleadings, exhibits, and other papers submitted by the parties in this bankruptcy case and in the Debtor's prior chapter 13 case, the record of the hearings before this Court, and the Court's Claims Register. The Court has taken judicial notice of the contents of the docket in this bankruptcy case and the Debtor's prior chapter 13 case. *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. Appx. 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket); *Levine v. Egidi*, No. 93 C 188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993); *Katzenstein v. VIII SV5556 Lender, LLC (In re Saint Vincent's Catholic Med. Ctrs. of N.Y.)*, 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010) (taking judicial notice of the docket in the underlying bankruptcy case); *In re Campbell*, 500 B.R. 56, 59 n.7 (Bankr. D.N.M. 2013) (electing to take judicial notice of the entire file in the case for sake of completeness as a bankruptcy court has the inherent authority to take judicial notice of entries on its own docket).

the amount of $405,845.87 based on the judgment. Thereafter, on November 21, 2014, Lingechetty filed an amended proof of claim in the amount of $492,207.42. The amended proof of claim set forth the judgment amount of $405,845.87 plus interest to the chapter 13 petition date in the amount of $86,361.55.

On October 25, 2014, the Debtor filed her chapter 13 plan. The chapter 13 plan treated the judgment lien held by Lingechetty as unsecured in the amount of $405,845.87 and contemplated that the Debtor would move to avoid the judgment lien under § 522(f) as impairing her homestead exemption. Consistent with the plan's treatment of Lingechetty's judgment lien, on November 11, 2014 the Debtor filed a motion seeking to avoid the judgment lien in its entirety under § 522(f).

On November 18, 2015, Lingechetty filed a motion to dismiss the First Chapter 13 Case contending that the Debtor was not eligible to be a chapter 13 debtor because the amount of her secured debt (i.e., the Bank of America Home Loan mortgage, the Lingechetty judgment lien and the NYS Tax Warrants) exceeded the § 109(e) secured debt limit of $1,149,525. Lingechetty also argued that even if the Debtor bifurcated the judgment lien under § 506(a), the unsecured portion of the judgment lien exceeded the § 109(e) unsecured debt limit of $383,175. Lingechetty made the same argument in his opposition to the Debtor's motion to avoid the judgment lien. After additional briefing by the parties, on February 12, 2015, the Court held a hearing on the motion to dismiss. At the hearing, counsel for the parties and the Chapter 13 Trustee entered into a written stipulation whereby they agreed that (i) the Debtor was not eligible for relief under chapter 13 pursuant to § 109(e) and (ii) the chapter 13 case would be dismissed. An order dismissing the First Chapter 13 Case was entered on February 23, 2015 and the case was closed on May 18, 2015 after the Chapter 13 Trustee filed her final report and account.

**B.     Current Chapter 13 Case**

On October 13, 2015 (the "Petition Date"), eight months after the dismissal of the First Chapter 13 Case, the Debtor filed this chapter 13 case.  Attached to the chapter 13 petition were the Debtor schedules. [Dkt. No. 1].  In addition, on the Petition Date, the Debtor filed a chapter 13 plan. [Dkt. No. 4].  As in the First Chapter 13 Case, Schedule A lists the Debtor as an owner of the Residence.  However, the Residence is now listed as having a value of $980,000, an increase of $100,000 since the First Chapter 13 Case, and it is encumbered by secured claims totaling $1,287,000.  Schedule D lists three secured creditors – (i) Bank of America as holder of a mortgage on the Residence in the amount of $760,000 (an increase of $40,000 from the amount listed in Schedule A in the First Chapter 13 Case), (ii) Lingechetty as the holder of a judgment lien in the amount of $527,000[4] (the "Judgment Lien"), of which $307,000 is listed as unsecured, and (iii) BMW Financial Services ("BMW") for an automobile lease in the amount of $3,692, of which the entire amount is listed as unsecured.  Schedule D does not reflect any secured debt to New York State Department of Taxation and Finance, and the taxing authority did not file a proof of claim.  According to the Debtor, after the dismissal of the First Chapter 13 Case, she paid off more than $80,000 in priority unsecured tax debt [Dkt. No. 29].  Schedule F lists general unsecured debt of $1,009.26.

Schedule C sets forth the property claimed by the Debtor as exempt under 11 U.S.C. § 522(b)(2) and (d).  Unlike in the First Chapter 13 Case where the Debtor selected the New York State exemptions, this time the Debtor selected the federal exemptions.  She claimed the Residence as exempt, and valued the exemption under § 522(d)(1) at $2.00[5].  The Debtor's

---

[4] This amount reflects the judgment amount of $405,845.87 plus accrued and unpaid post-judgment interest to the Petition Date.

[5] Under § 522(d)(1), a debtor may exempt his/her aggregate interest, not to exceed $22,975 in value, in real property that the debtor or a dependent of the debtor uses as a residence.  The amount of the exemption is adjusted every three years.  11 U.S.C. § 104(a).  The most recent adjustment was on April 1, 2016, which was after this

Schedules I and J [Dkt. No. 5] show a combined monthly income of $15,957.90 with the non-debtor spouse, and $14,398 in monthly expenses, leaving $1,559.90 in monthly disposable income.

Because the Debtor's prior chapter 13 case was dismissed within one year of the filing of the current case, the automatic stay under 11 U.S.C. § 362(a) terminates on the 30th day after filing of the second case. 11 U.S.C. § 362(c)(3)(A). Prior to the expiration of thirty-day period, the Debtor filed a motion (the "Motion") [Dkt. No. 12] under 11 U.S.C. § 362(c)(3)(B) to extend the automatic stay. On November 5, 2015, Lingechetty filed opposition to the motion. [Dkt. No. 23]. Lingechetty opposes the Debtor's request to extend the automatic stay on substantive grounds and, as he did in the First Chapter 13 Case, argues that the Debtor is not eligible for relief under chapter 13 because her unsecured debt exceeds the § 109(e) unsecured debt limit of $383,175. On the issue of whether the Debtor is eligible to be a chapter 13 debtor, Lingechetty points to the treatment of the Judgment Lien under the Debtor's chapter 13 plan. The plan provides that "Judgment Creditor, Vidyasagar Lingechetty, to have its lien avoided pursuant to 11 U.S.C. § 522(f) and to be paid along with general unsecured creditors." *See* Chapter 13 Plan at 1 [Dkt. No. 4].

The Court held a hearing on the Motion on November 12, 2015. Because only a debtor with a limited amount of debt is eligible for chapter 13 relief, before considering the merits of the Motion, the Court determined that it must first consider whether the Debtor falls within the debt limitations under § 109(e). Accordingly, at the conclusion of the hearing, the Court continued the § 362(a) automatic stay pending a hearing and determination on the issue of eligibility and invited the parties to further brief the issue. Pursuant to the Court's scheduling order, dated November 23, 2015 [Dkt. No. 26], the Debtor filed a Memorandum of

---

current chapter 13 case was filed.

6

Law in support of her eligibility to be a chapter 13 debtor on December 8, 2015 [Dkt. No. 29] and Lingechetty filed a Memorandum of Law in Opposition on December 14, 2015 [Dkt. No. 32].

### C.     The Parties' Positions

Eligibility in this case turns on how the unsecured portion of the Judgment Lien the Debtor will seek to avoid under § 522(f) is calculated for purposes of the § 109(e) unsecured debt limit. On this issue, the Debtor and Lingechetty differ on what the Court may consider in its eligibility analysis. The Debtor's view is that chapter 13 eligibility is determined as of the date of the filing of the chapter 13 petition and that evidence other than a debtor's schedules regarding the amount of unsecured debt is considered only if the schedules were not prepared in good faith. The Debtor maintains her bankruptcy schedules were prepared in good faith and show that her noncontingent, liquidated, unsecured debt, inclusive of the unsecured portion of the Judgment Lien, aggregates $311,701.26, an amount below the statutory limit. This amount, the Debtor claims, is derived by adding (i) $1,009.26, the unsecured debt listed in Schedule F, (ii) $3,692, the unsecured portion of the amount due BMW on the Debtor's automobile lease as listed in Schedule D, and (iii) $307,000, the unsecured portion of the Judgment Lien listed on Schedule D. As for the Judgment Lien, the Debtor calculates the unsecured portion, i.e., $307,000, as follows: (x) on Schedule A, the Residence is valued at $980,000, (y) Schedule D reflects that the Residence is encumbered by the Bank of America mortgage in the amount of $760,000, and (z) under § 506(a)[6], the $527,000 Judgment Lien is therefore bifurcated – it is secured by the value remaining in the Residence after deduction of the mortgage, i.e., $220,000 ($980,000 - $760,000), and

---

[6] Pursuant to § 506(a), an allowed claim of a creditor that is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. 11 U.S.C. § 506(a).

7

unsecured for the balance, i.e. $307,000 ($527,000 - $220,000).  By limiting the inquiry to the schedules, the Debtor maintains she is eligible for chapter 13 relief as her unsecured debt falls within the debt ceiling imposed under § 109(e).

Lingechetty, however, takes a different view of what the Court may consider in determining eligibility.  Lingechetty contends that the Court may look beyond the schedules even in the absence of bad faith and, if there is a sufficient degree of certainty that a judgment lien will be avoided, the amount of the judgment lien that would be avoided should be included as unsecured debt in determining eligibility for chapter 13.  With respect to calculating the unsecured portion of the Judgment Lien, Lingechetty argues that in spite of the Debtor claiming a $2.00 federal homestead exemption in Schedule C, it is apparent from the chapter 13 plan that the Debtor intends to amend Schedule C and, as she did in the First Chapter 13 Case, claim the larger homestead exemption under N.Y. C.P.L.R. § 5206 and seek to avoid the Judgment Lien in its entirety.  In short, Lingechetty argues that because the Debtor's proposed chapter 13 plan calls for avoiding the Judgment Lien under § 522(f), the Judgment Lien will be bifurcated and the unsecured portion of the Judgment Lien will total $472,550.  This, Lingechetty claims, renders the Debtor ineligible for chapter 13 relief as her unsecured debt will exceed the § 109(e) unsecured debt limit of $383,175.

Lingechetty is willing to accept either (1) bifurcation of the Judgment Lien per the Debtor's calculation under § 506(a) - secured in the amount of $220,000 and unsecured for the remaining balance of $307,000 or (2) avoidance of the Judgment Lien under § 522(f) to the extent it impairs the maximum exemption to which the Debtor is entitled to under the federal homestead exemption which she claimed in Schedule C.  By applying the $22,975 federal homestead exemption the Debtor would be entitled to under the § 522(f) formula, the Judgment Lien is avoided in part – it remains intact, i.e., secured by the Residence, in the amount of $197,025, and unsecured for the balance, $329,975.  Under either scenario, the

Debtor's total unsecured debt would not exceed the unsecured debt limit under § 109(e). Thus, eligibility based on the unsecured debt limitation under § 109(e) would no longer be an issue in this case. However, because the Debtor would not commit to applying the federal homestead exemption when seeking post-petition avoidance of the Judgment Lien pursuant to § 522(f), a hearing on the issue of eligibility was necessary.

### IV.    Discussion

#### A.    11 U.S.C. § 109(e)

Whether an individual debtor is eligible to file for relief under chapter 13 of the Bankruptcy Code is determined by § 109(e). Section 109(e) provides, in part:

> [o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). The debtor has the burden of establishing eligibility under § 109(e). *In re Pantazelos*, 540 B.R. 347, 351 (N.D. Ill. 2015) (*citing Singer Asset Fin. Co., LLC v. Mullins (In re Mullins)*, 360 B.R. 493, 498 (Bankr. W.D. Va. 2007)); *In re Bernick*, 440 B.R. 449, 450 (Bankr. E.D. Va. 2010). *Cf. In re Montgomery*, 37 F.3d 413, 415 (8th Cir. 1994) (finding that the burden of establishing eligibility in bankruptcy lies with the party filing the bankruptcy petition). In addition to regular income, the debtor must have unsecured debts aggregating less than $383,175 and secured debts aggregating less than $1,149,525.[7] Only noncontingent and liquidated debts are considered in computing the total amount of debts for eligibility purposes. Contingent and unliquidated debts are excluded from the computation.

The Debtor argues that absent a finding that a debtor's schedules were not prepared

---

[7] These amounts are adjusted every three years. 11 U.S.C. § 104(a). The most recent adjustment was on April 1, 2016, but the new amounts do not apply to this chapter 13 case.

in good faith, the Court should only look at the schedules to determine eligibility. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 983 (9th Cir. 2001) (*citing In re Balbus*, 933 F.2d 246, 247 (4th Cir. 1991)); *In re Pearson*, 773 F.2d 751, 757 (6th Cir. 1985). However, the authority in the Second Circuit permits otherwise.

> Though a [s]ection 109(e) analysis generally begins with a review of the debtor's schedules, a court may also consider materials outside of the debtor's schedules. *See In re Moore*, No. 10-11491, 2012 WL 1192776, at *5 (Bankr. N.D.N.Y. April 10, 2012) (finding debtor ineligible under Chapter 13 after a review of debtor's schedules, the proof of claim, and other readily ascertainable information); *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 305 (2d Cir. 1997) (finding debt to be easily ascertained from statutory provisions and tax returns).

*Stebbins v. Artificial Horizon, Ltd.*, No. 15-CV-1196 (JFB), 2016 WL 1069077, at * 4 (E.D.N.Y. Mar. 17, 2016). Therefore, it is appropriate for the Court to consider not only the Debtor's bankruptcy schedules but also the chapter 13 plan, filed concurrently with the bankruptcy schedules in this case, to determine whether the Debtor is eligible for relief under Chapter 13. The Court need not determine whether there is an absence of good faith on the part of the Debtor in order to do so. *In re Mazzeo*, 131 F.3d at 305 (looking to a debtor's tax returns to determine eligibility to file a chapter 13 petition without making a determination of whether there is an absence of good faith).

### B.  Debtor's Eligibility under § 109(e)

There is no dispute that the Debtor is an individual with regular income and that the Judgment Lien is noncontingent and liquidated as of the Petition Date. Assuming the Debtor's asserted value of $980,000 for the Residence is accurate, a review of the bankruptcy schedules clearly shows that the Judgment Lien is secured pursuant to § 506(a) to the extent of $220,000 ($980,000 value of the Residence less mortgage of $760,000[8]) and unsecured for

---

[8] HSBC BANK USA, National Association as Trustee for the Holders of the Nomura Home Equity Loan, Inc. Asset-Backed Certificates Series 2005-FM1 filed proof of claim number 3 on February 8, 2016 asserting a secured

10


the remaining $307,000.

While the $307,000 unsecured portion of the Judgment Lien plus the Debtor's other scheduled unsecured debt total an amount that is well within the $383,175 statutory unsecured debt limit, the analysis does not end there. As noted above, the Court may consider materials outside of the Debtor's schedules in determining eligibility under § 109(e). Here, the Court considers the Debtor's chapter 13 plan. A review of the plan shows a clear intention on the part of the Debtor to avoid the Judgment Lien pursuant to § 522(f) and pay the amount of the Judgment Lien as an unsecured debt. The one sentence in the plan that specifically addresses this issue reads: "Judgment creditor, Vidyasagar Lingechetty, to have its lien avoided pursuant to 11 U.S.C. § 522(f) and to be paid its claim along with general unsecured creditors." *See* Chapter 13 Plan at 1 [Dkt. No. 4]. This one sentence is decisive of the issue of whether the Debtor intends to seek to avoid the Judgment Lien and, as discussed below, the methodology the Debtor will employ in her efforts to avoid the Judgment Lien in its entirety.

Because the Debtor listed the Judgment Lien in Schedule D, claimed the homestead exemption in Schedule C, and made clear in the plan her intention to avoid the Judgment Lien, it is reasonable for the Court to conclude that for purposes of determining eligibility a portion of the Judgment Lien will be unsecured. *See In re Scovis*, 249 F.3d at 984 ("Even though the lien was not judicially avoided until after the [c]hapter 13 petition was filed, the fact that Debtors listed both the homestead exemption and the lien on the schedules provides the bankruptcy court with a sufficient degree of certainty to regard the judgment lien as unsecured for eligibility purposes").

---

claim of $762,903.30 arising from the note and mortgage against the Residence. It appears that Bank of America may be the servicing agent according to the proof of claim. For purposes of this Motion, the Court will use the $760,000 listed in the Debtor's Schedule D. If the Court were to use the higher $762,903.30 amount, a larger portion of the Judgment Lien would be characterized as unsecured.

With this in mind, the question for the Court is how much of the Judgment Lien should be included as unsecured debt in determining eligibility. The answer turns on whether the applicable New York State homestead exemption of $165,550 or the federal exemption of $22,975 is used for purposes of avoiding the Judgment Lien under § 522(f). In New York, an individual debtor may exempt property listed in either (i) § 522(b)(3) - the exemptions provided under New York State law plus certain additional exemptions provided by nonbankruptcy federal law, or (ii) § 522(b)(2) - the federal bankruptcy exemptions set forth in § 522(d). 11 U.S.C. § 522(b)(1); N.Y. Debt. & Cred. Law § 285. Under § 522(d)(1), a debtor claiming the federal bankruptcy exemptions may exempt up to $22,975 of equity in his or her residence. 11 U.S.C. § 522(d)(1). Alternatively, if a debtor chooses to exempt property under New York State law, he or she may claim the applicable homestead exemption under N.Y. C.P.L.R. § 5206(a). For a debtor residing in Nassau County, as is the case with the Debtor, the applicable homestead exemption under New York State law is $165,550.[9]

Here, the Debtor selected the federal exemptions under § 522(b)(2) and assigned an exempt value of $2.00 to the Residence. *See* Schedule C – Property Claimed as Exempt. Under the calculation set forth in § 522(f)(2), applying the $2.00 homestead exemption claimed by the Debtor renders the Judgment Lien secured in the amount of $219,998 and unsecured in the amount of $306,998. Applying the maximum federal homestead exemption of $22,975 the Debtor would be entitled to under § 522(f), the Judgment Lien remains secured in the amount of $197,025 and unsecured in the amount of $329,975. In either case, assuming the Debtor applied the federal homestead exemption for purposes of avoiding the Judgment

---

[9] Lingechetty references the maximum exemption set forth in N.Y. C.P.L.R. § 5206(a) for Nassau County where the Residence is located as $150,000. While N.Y. C.P.L.R. § 5206(a) provides for a homestead exemption of $150,000 for property of a debtor that is located in Nassau County, according to the New York State Department of Financial Services, the dollar amount of the homestead exemption is subject to adjustment every three years. *See* www.dfs.ny.gov/legal/legal_notices.htm. Currently, a debtor residing in Nassau County may claim a homestead exemption under New York State law of up to $165,550. *Id.*

Lien under § 522(f), she would be eligible to be a chapter 13 debtor as her total unsecured debt, including the unsecured portion of the Judgment Lien, would not exceed the § 109(e) unsecured debt limit.  That said, the question naturally arises: what is it about this picture that Lingechetty finds so troubling?  The answer can be found in how Lingechetty perceives the Debtor will avoid the Judgment Lien.  Lingechetty argues that the plan conclusively shows that the Debtor's planned course of action is to apply the New York State homestead exemption for purposes of avoiding the Judgment Lien under § 522(f)(2).

      The Court's review of the plan, and in particular the one sentence that explicitly deals with the treatment accorded the Judgment Lien, unequivocally supports Lingechetty's position that the Debtor intends to amend Schedule C and claim the New York State homestead exemption.  This, in turn, will allow the Debtor to assign the higher exempt value provided under New York State law to the Residence and apply that higher exempt value in calculating the unsecured portion of the Judgment Lien for purposes of avoidance pursuant to § 522(f).  Given the specific language in the plan as to the treatment of the Judgment Lien after avoidance, i.e., "to be paid its claim along with general unsecured creditors" - and given the Debtor's unwillingness to reassure the Court or Lingechetty that she intends to stand by the federal homestead exemption claimed in her current Schedule C - it is reasonable for the Court to conclude that the plan, premised on treatment of the Judgment Lien as wholly unsecured, calls for application of the higher exempt value under New York State law.

      This construction is in harmony with the Debtor's conduct in the First Chapter 13 Case.  There, the Debtor selected the homestead exemption under New York State law, filed a chapter 13 plan that provided for treatment of the Judgment Lien as unsecured and moved under § 522(f) to avoid the Judgment Lien in its entirety through application of the higher exempt value provided under N.Y. C.P.L.R. § 5206. The Debtor's intention in the First Chapter 13 Case was to render the Judgment Lien wholly unsecured, and that also is the

Debtor's end game in her current chapter 13 case.

In addition, this construction is consistent with the absence of any provision in the plan for payment of the secured portion of the Judgment Lien that would remain after applying the claimed federal homestead exemption.  As noted above, after applying the Debtor's claimed exemption of $2.00 the Judgment Lien is secured for $219,998, and after applying the full federal exemption of $22,975 to which the Debtor would be entitled to, the Judgment Lien is secured for $197,025.  Nothing in the plan addresses treatment of any portion of the Judgment Lien as secured.  To the contrary, the plan is explicit in its treatment of the Judgment Lien as wholly unsecured.

Using the applicable New York State homestead exemption to avoid the Judgment Lien under § 522(f)(2) leaves it secured to the extent of $54,450 and unsecured for $472,550. This is computed by adding the $760,000 mortgage, the $527,000 Judgment Lien and the $165,550 state homestead exemption and subtracting the $980,000 value of the Residence. The unsecured portion of the Judgment Lien, i.e., $472,550, exceeds the §109(e) unsecured debt limit of $383,175.  As such, the Debtor is not eligible to be a debtor under chapter 13 of the Bankruptcy Code.

## V.  Conclusion

For the foregoing reasons, the Debtor's chapter 13 case is dismissed.

SO ORDERED.



**Dated: April 18, 2016**
      **Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**